IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS K. PARKER,<br>No. B86720,<br><br>        Plaintiff,<br><br>  vs.<br><br>MIKE KREKE,<br>JANE DOE A,<br>JANE DOE B,<br>JOHN DOE A,<br>JOHN DOE B, and<br>JOHN DOE C,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 13-cv-01097-MJR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Dennis K. Parker, an inmate in Western Illinois Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based events while Plaintiff was housed at the Clinton County Jail as a pretrial detainee/parole violator.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

## The Complaint

According to the complaint, in November 2011 Plaintiff Parker was taken into custody as a pretrial detainee/parole violator and housed at the Clinton County Jail. Upon arrival, Plaintiff was exhibiting obvious injuries to his head and face, he was in pain, suffering impaired vision, and experiencing opioid withdrawal. Plaintiff sought medical and mental health from Booking Officer John Doe A, who told Plaintiff that he would just have to "tough it out."

The next day, Plaintiff's condition was worsening. Despite witnessing Plaintiff vomit, Officer Jane Doe A declined Plaintiff's request for medical and mental health treatment. Plaintiff's condition continued to decline; he was hallucinating and there was blood in this vomit. Sergeant Jane Doe B told Plaintiff that there was nothing that could be done and warned him to stop "hassling" her staff.

On his third day in jail, Plaintiff attempted suicide by strangulation. Although Officer John Doe B had Plaintiff "stripped-out" and moved to a different cell, Plaintiff's requests for medical and mental health treatment apparently went unanswered.

Plaintiff fared no better on the fourth day. Officer John Doe C denied Plaintiff medical and mental health treatment. John Doe C explained that Sheriff Kreke was aware of the situation but did not feel Plaintiff needed medical care. Plaintiff subsequently attempted suicide a second time, by diving head-first from the top bunk. Plaintiff lacerated his head and was knocked unconscious. Plaintiff was taken to the hospital, but upon his return to the Jail he was told that Sheriff Kreke had warned that if he caused any more trouble he would be "hog-tied" to a bunk.

Plaintiff attempted suicide a third time, by diving head-first from a desk. Plaintiff suffered another laceration, and he injured his back. He was again treated in the emergency

room. While there, Plaintiff disarmed jail employees and shot himself in the head, sustaining a laceration.

Based on the allegations in the complaint, the Court finds it convenient to frame the *pro se* action as a single, overarching count.

> **Count 1: Defendants Mike Kreke, Jane Doe A, Jane Doe B, John Doe A, John Doe B and John Doe C were deliberately indifferent to Plaintiff's serious medical and mental health needs, in violation of the Due Process Clause of the Fourteenth Amendment.**

## Discussion

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. Prison officials violate this proscription when they act with deliberate indifference to the serious medical needs of an inmate. *Farmer v. Brennan,* 511 U.S. 825, 835 (1994); *Estelle* v. *Gamble*, 429 U.S. (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Blatantly inappropriate treatment, woefully inadequate action, or inaction can violate the Eighth Amendment. *See Reed v. McBride,* 178 F.3d 849, 854 (7th Cir.1999). "The same standard applies for pretrial detainees and incarcerated individuals, though pursuant to the Fourteenth Amendment rather than the Eighth Amendment." *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012) (citing *Payne v. Churchich,* 161 F.3d 1030, 1039–41 (7th Cir.1998)).

Under Federal Rule of Civil Procedure 8's liberal notice pleading standard, the complaint states colorable Fourteenth Amendment deliberate indifference claims against each defendant. Therefore, Count 1 shall proceed, although Sheriff Kreke is the only identified defendant who

can receive service of process. If pretrial discovery reveals the identities of the John and Jane Doe defendants, Plaintiff can move for leave to amend the complaint.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall proceed. Although the Jane and John Doe defendants have not been identified, for the time being they shall be carried on the docket as defendants.

The Clerk of Court shall prepare for Defendant **MIKE KREKE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). Service shall not be made on the Unknown (Jane and John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

The Clerk is **DIRECTED** to mail these forms (Forms 5 and 6), a copy of the complaint, and this Memorandum and Order to Defendant Kreke's place of employment as identified by Plaintiff. If Defendant Kreke fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Kreke, and the Court will require that Kreke pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant Kreke no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Kreke's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or

disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant Kreke is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate for further pre-trial proceedings, including resolution of Plaintiff's pending motion for appointment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** December 11, 2013

                                                s/ *Michael J. Reagan*
                                                **MICHAEL J. REAGAN**
                                                **UNITED STATES DISTRICT JUDGE**